**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:14-CV-81046-DMM**

OCWEN LOAN SERVICING, LLC,

                     Plaintiff,

vs.

CONNOLLY, GEANEY, ABLITT & WILLARD,
P.C., a Rhode Island corporation f/k/a ABLITT
SCOFIELD, P.C., JOHN CONNOLLY, JR., an
individual, KEVIN GEANEY, an individual,
STEVEN ABLITT, an individual, RACHELLE
WILLARD, an individual, ROBERT FEIGE, an
individual, LAWRENCE SCOFIELD, an
individual, and DURHAM COMMERCIAL
CAPITAL CORP., a New York corporation,

                     Defendants.
_____\

**COUNTERCLAIM DEFENDANT OCWEN LOAN**
**SERVICING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

       COMES NOW Counterclaim Defendant Ocwen Loan Servicing, L.L.C. ("**Ocwen**"), by

and through its undersigned counsel of record, and respectfully submits the following Answer

and Affirmative Defenses to the Counterclaim filed by Counterclaim/Crossclaim Plaintiff

Durham Commercial Capital Corp. ("**Durham**") and Counterclaim Plaintiff, Maasai Holdings,

L.L.C. ("**Maasai**") (hereinafter collectively, "Counterclaim Plaintiffs").

**<u>Introduction</u>**

       1.     Ocwen denies that it has any duty or obligation to Durham or Maasai, under

Article 9 of the Uniform Commercial Code, or other any other applicable law or theory, to pay

any monies. Ocwen also denies that Durham or Maasai have any right to seek payment on any

alleged unpaid accounts of Connolly, Geaney, Ablitt, and Willard, P.C., formally known as Ablitt Scofield, P.C. ("**CGAW**").  The remaining allegations set forth in Paragraph 1 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  Therefore, Ocwen denies these allegations and demands strict proof thereof.

## Party Allegations

2.      The allegations set forth in Paragraph 2 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties. Therefore, Ocwen denies these allegations and demands strict proof thereof.

3.      The allegations set forth in Paragraph 3 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties. Therefore, Ocwen denies these allegations and demands strict proof thereof.

4.      Ocwen admits that the law firm of CGAW, is a Rhode Island corporation with its principal place of business in Woburn, Massachusetts and that CGAW was formally known as Ablitt Scofield, P.C. Ocwen admits that through CGAW's operations in West Palm Beach, Florida, CGAW engaged in systematic and not isolated business within Florida.

5.      Ocwen admits that Steven Ablitt is an individual over the age of eighteen who is a citizen of Massachusetts and that he was a named partner of CGAW.

6.      Admitted.

## Jurisdiction and Venue Allegations

7.      Ocwen admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2), because the amount in controversy exceeds the value and sum of $75,000.00, exclusive of interest and costs, and because the controversy is between citizens of different states.  The remainder of the allegations set forth in Paragraph 7 state legal

conclusions rather than factual allegations and therefore requires no response.  To the extent Paragraph 7 of the Counterclaim contains factual allegations that require a further response, Ocwen is without sufficient information to admit or deny those allegations.

8.      Ocwen admits that its principal place of business in West Palm Beach, Florida and that CGAW maintained an office in West Palm Beach, Florida. Ocwen denies the remainder of this paragraph and all other allegations contained therein.  The remainder of the allegations set forth in Paragraph 8 state legal conclusions rather than factual allegations and therefore requires no response.  To the extent Paragraph 8 of the Counterclaim contains factual allegations that require a further response, Ocwen is without sufficient information to admit or deny those allegations.

### Conditions Precedent and Retention of Counsel

9.      Ocwen denies the allegations contained in this paragraph and demands strict proof thereof.  Neither Durham nor Maasai have a valid enforceable right of recovery against Ocwen and have not met the conditions precedent to bring this action.

10.      The allegations set forth in Paragraph 10 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  Therefore, Ocwen denies these allegations and demands strict proof thereof.

### General Allegations

#### Durham's Relationship with Connolly, Ablitt, and Ocwen

11.      Ocwen specifically denies that Durham has a contractual relationship with CGAW relating to any accounts involving Ocwen. Ocwen specifically denies that it is an account debtor of Durham or Maasai. Ocwen lacks information or belief sufficient to answer the remaining allegations of this paragraph 11, and basing its denial on this ground, denies all remaining allegations contained therein.

12.     The allegations set forth in paragraph 12 of the Counterclaim refer to a document which speaks for itself.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 12 of the Counterclaim.

13.     The allegations set forth in paragraph 13 of the Counterclaim refer to a document which speaks for itself.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 13 of the Counterclaim.

14.     The allegations set forth in paragraph 14 of the Counterclaim refer to documents which speak for themselves.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 14 of the Counterclaim.

15.     The allegations set forth in paragraph 15 of the Counterclaim refer to a document which speaks for itself.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 15 of the Counterclaim.

16.     The allegations set forth in paragraph 16 of the Counterclaim refer to a document which speaks for itself.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 16 of the Counterclaim.

17.     The allegations set forth in paragraph 17 of the Counterclaim refer to documents which speak for themselves.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 17 of the Counterclaim.

<u>Maasai's Relationship with Connolly, Ablitt, and Ocwen</u>

18.      The allegations set forth in paragraph 18 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 18 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 18 of the Counterclaim.

19.     The allegations set forth in paragraph 19 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 19 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 19 of the Counterclaim.

20.     The allegations set forth in paragraph 20 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 20 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 20 of the Counterclaim.

21.     The allegations set forth in paragraph 21 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 21 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 21 of the Counterclaim.

22.     The allegations set forth in Paragraph 22 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 22 of the Counterclaim.

23.     The allegations set forth in Paragraph 23 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 23 of the Counterclaim.

24.     This paragraph is fatally flawed to the extent the Counterclaim Plaintiffs  address allegations against a non-party, Santander, and Ocwen requests that this Court strike this paragraph accordingly. To the extent that this paragraph relates to Ocwen, Ocwen denies the remaining allegations contained in this paragraph and demands strict proof thereof.

<u>**Count I**</u>
<u>**Breach of the Factoring Agreement**</u>
<u>**(Against Durham**</u>)[1]

25.      For its answer to paragraph 25 of the Counterclaim, Ocwen repeats and re-alleges its responses to paragraphs 1 through 24 of the Counterclaim as if fully set forth herein.

26.     The allegations set forth in paragraph 26 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 26 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 26 of the Counterclaim.

27.     The allegations set forth in paragraph 27 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 27 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 27 of the Counterclaim.

28.     The allegations set forth in paragraph 28 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 28 of the Counterclaim relate to other parties and Ocwen is without sufficient

---

[1] This count is fatally flawed to the extent Durham has an action for Breach of the Factoring Agreement against itself.

information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 28 of the Counterclaim.

29.     The allegations set forth in paragraph 29 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 29 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 29 of the Counterclaim.

30.     The allegations set forth in paragraph 30 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 30 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 30 of the Counterclaim.

31.     The allegations set forth in paragraph 31 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 31 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 31 of the Counterclaim.

32.     The allegations set forth in paragraph 32 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 32 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 32 of the Counterclaim.

In response to the "Wherefore" paragraph immediately following Paragraph 32, Ocwen

denies that Counterclaim Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

**Count II**
**Breach of the Guaranty**
**(Against Ablitt)**

33.     For its answer to paragraph 33 of the Counterclaim, Ocwen repeats and re-alleges its responses to paragraphs 1 through 32 of the Counterclaim as if fully set forth herein.

34.     The allegations set forth in paragraph 34 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 34 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 34 of the Counterclaim.

35.     The allegations set forth in paragraph 35 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 35 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 35 of the Counterclaim.

36.     The allegations set forth in paragraph 36 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 36 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 36 of the Counterclaim.

37.     The allegations set forth in paragraph 37 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 37 of the Counterclaim relate to other parties and Ocwen is without sufficient

information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 37 of the Counterclaim.

38.     The allegations set forth in paragraph 38 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 38 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 38 of the Counterclaim.

39.     The allegations set forth in paragraph 39 of the Counterclaim refer to a document which speaks for itself.  Further answering, Ocwen states that the allegations set forth in Paragraph 39 of the Counterclaim relate to other parties and Ocwen is without sufficient information to admit or deny allegations related to other parties.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 39 of the Counterclaim.

In response to the "Wherefore" paragraph immediately following Paragraph 39, Ocwen denies that Counterclaim Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

### Count III
### Breach of the Statutory Duty to Pay Accounts
### (Against Ocwen)

40.     For its answer to paragraph 40 of the Counterclaim, Ocwen repeats and re-alleges its responses to paragraphs 1 through 39 of the Counterclaim as if fully set forth herein.

41.     Ocwen denies the allegations contained in this paragraph and demands strict proof thereof.  Counterclaim Plaintiffs do not have a valid, enforceable right to receive payment from Ocwen under 9-406 of the Uniform Commercial Code, or under any other law or theory.

42.     Ocwen denies the allegations contained in this paragraph and demands strict proof thereof. Counterclaim Plaintiffs do not have a valid, enforceable right to receive payment from Ocwen under 9-406 of the Uniform Commercial Code, or under any other law or theory.

43.     The allegations set forth in paragraph 43 of the Counterclaim refer to sdocuments which speak for themselves. Ocwen denies the remaining allegations contained in this paragraph, including any allegation that the Counterclaim Plaintiffs have any right to receive payment from Ocwen, or that Ocwen agreed or consented either orally or in writing to the alleged assignment to Durham of CGAW's rights to payment from Ocwen.

44.     Ocwen denies the allegations contained in this paragraph and demands strict proof thereof. Counterclaim Plaintiffs do not have a valid, enforceable right to receive payment from Ocwen under 9-406 of the Uniform Commercial Code, or any other law or theory.

45.     Ocwen denies the allegations contained in this paragraph and demands strict proof thereof. Counterclaim Plaintiffs do not have a valid, enforceable right to receive payment from Ocwen under 9-406 of the Uniform Commercial Code, or any other law or theory.

46.     The allegations set forth in paragraph 46 of the Counterclaim refer to a document which speaks for itself. Ocwen denies the remaining allegations contained in this paragraph, including any allegation that the Counterclaim Plaintiffs have any right to receive payment from Ocwen, or that Ocwen agreed or consented either orally or in writing to the alleged assignment to Counterclaim Plaintiffs of CGAW's rights to payment from Ocwen.

47.     Ocwen denies the allegations contained in this paragraph and demands strict proof thereof. Counterclaim Plaintiffs do not have a valid, enforceable right to receive payment from Ocwen under 9-406 of the Uniform Commercial Code, or any other law or theory.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     The allegations set forth in paragraph 54 of the Counterclaim refer to a document which speaks for itself.  To the extent that any further response is required, Ocwen denies the allegations set forth in Paragraph 54 of the Counterclaim.

55.     Denied.

In response to the "Wherefore" paragraph immediately following Paragraph 55, Ocwen denies that Counterclaim Plaintiffs are entitled to the relief requested or to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all causes of action purported to be set forth against it in the Amended Complaint herein, Ocwen alleges the following defenses:

### FIRST DEFENSE
(DENIAL OF MATERIAL ALLEGATIONS)

As a first, separate and affirmative defense to the Counterclaim on file herein, and to the extent not specifically admitted herein, Ocwen denies all material allegations set forth in Plaintiff's Counterclaim and demands strict proof thereof.

### SECOND DEFENSE
(FAILURE TO STATE A CLAIM)

As a second, separate and affirmative defense to the Counterclaim on file herein, the Counterclaim fails to state a cause of action against Ocwen upon which relief may be granted. Ocwen reserves and does not waive its arguments relating to the legal sufficiency of Counterclaim Plaintiffs' allegations.

## THIRD DEFENSE
(No Damages)

As a third, separate and affirmative defense to the Counterclaim on file herein, Ocwen denies that Counterclaim Plaintiffs have been damaged by it and demands strict proof thereof.

## FOURTH DEFENSE
(Failure to Mitigate Damages)

As a fourth, separate and affirmative defense to the Counterclaim on file herein, the Counterclaim is barred, in whole or in part, because Counterclaim Plaintiffs failed, neglected, and/or refused to mitigate the damages alleged.

## FIFTH DEFENSE
(Offset)

As a fifth, separate and affirmative defense to the Counterclaim on file herein, Ocwen asserts any injury or damage sustained by Counterclaim Plaintiffs is offset by amounts owed by Counterclaim Plaintiffs to Ocwen and CGAW to Ocwen.

## SIXTH DEFENSE
(Barred by Acts/Omissions)

As a sixth, separate and affirmative defense to the Counterclaim on file herein, Counterclaim Plaintiffs are barred, in whole or in part, by the acts or omissions of third parties or non-parties to this action over whom Ocwen has no responsibility or control.

## SEVENTH DEFENSE
(Doctrine of Impossibility)

As a seventh, separate and affirmative defense to the Counterclaim on file herein, the alleged duties as claimed in the Counterclaim, if any so existed, have been excused by the doctrine of impossibility in the performance of said obligation is and has been rendered impossible and/or commercially impracticable.

**EIGHTH DEFENSE**
(NO CAUSE IN FACT)

As a eighth, separate and affirmative defense to the Counterclaim on file herein, Ocwen's conduct, if any, or lack thereof, was not the cause in fact nor the proximate cause of any injury, loss, or damage alleged by the Counterclaim Plaintiffs.

**NINTH DEFENSE**
(DOCTRINE OF LATCHES)

As a ninth, separate and affirmative defense to the Counterclaim on file herein, Counterclaim Plaintiffs unreasonably delayed in providing notice an in commencing and prosecuting this action which caused unfair prejudice to Ocwen, thus barring any recovery against Ocwen under the equitable doctrine of latches.

**TENTH DEFENSE**
(JUSTIFICATION)

As a tenth, separate and affirmative defense to the Counterclaim on file herein, Ocwen's conduct, if any, or lack thereof, was justified or privileged or both under the circumstances, barring any recovery against Ocwen.

**ELEVENTH DEFENSE**
(STATUTE OF LIMITATIONS)

As an eleventh, separate and affirmative defense to the Counterclaim on file herein, Counterclaim Plaintiffs are barred, in whole or in part, by the applicable statute of limitations.

**TWELFTH DEFENSE**
(ILLEGALITY)

As an twelfth, separate and affirmative defense to the Counterclaim on file herein, Counterclaim Plaintiffs are barred, in whole or in part, in that any agreement, contract or relationship between Counterclaim Defendants and CGAW, which purports to grant a right to receive payment from Ocwen is illegal and void according to law.

## RESERVATION OF RIGHTS & NON-WAIVER

In addition to the defenses set forth herein, Ocwen presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses in this matter and, therefore, Ocwen reserves the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, Ocwen demands:

1.     That Counterclaim Plaintiffs take nothing by its action against Ocwen;

2.     The Counterclaim and each cause of action thereof be dismissed with prejudice as to Ocwen;

3.     That Ocwen be awarded costs of this action and reasonable attorneys' fees; and

4.     That the court grant Ocwen such further relief as it may deem just and proper.

Respectfully submitted,

*s/D. Brian O'Dell*
D. Brian O'Dell (Florida Bar No. 0659665)
Hope T. Cannon (Florida Bar No. 95542)
Jason R. Bushby (Florida Bar No. 0088574)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
bodell@babc.com
hcannon@babc.com
jbushby@babc.com

ATTORNEYS for PLAINTIFF
OCWEN LOAN SERVICING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael W. Ullman
> Ullman & Ullman PA
> 150 East Palmetto Park Road, Suite 700
> Boca Raton, Florida 33432
> michael.ullman@uulaw.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Connolly Geaney Ablitt & Willard
> c/o John Connolly, Jr.
> 17 Bourbeau Terrace
> Newburyport, Massachusetts 01950
>
> John Connolly, Jr.
> 17 Bourbeau Terrace
> Newburyport, Massachusetts 01950
>
> Kevin Geaney
> 174 Judge Road
> Lynn, Massachusetts 01904
>
> Robert Feige
> 46 Cartwright Road
> Wellesley, Massachusetts 02482
>
> Rachelle Willard
> 79 Plymouth Street 204
> Marlborough, Massachusetts 01752
>
> Lawrence Scofield
> 22 Grove Place, Unit 5
> Winchester, Massachusetts 01890
>
> Steven Ablitt
> 6 Ramsdell Way
> Lynnfield, Massachusetts 01940

*s/D. Brian O'Dell*
D. Brian O'Dell