

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CIVIL NO. 9:14-cv-81046

OCWEN LOAN SERVICING, L.L.C. )
    Plaintiff )
)
v. )
)
CONNOLLY, GEANEY, ABLITT & WILLARD )
P.C., F/K/A ABLITT SCOFIELD, P.C., JOHN )
CONNOLLY, as an individual, KEVIN )
GEANEY, as an individual, STEVEN )
ABLITT, as an individual, RACHELLE )
WILLARD, as an individual, ROBERT )
FEIGE, as an individual, LAWRENCE )
SCOFIELD, as an individual,      AND )
DURHAM COMMERICAL CAPITAL )
CORPORATION, a New York corporation )
)
    Defendants )

## DEFENDANT'S, STEVEN ABLITT, MEMORANDUN IN SUPPORT OF HIS MOTION TO DISMISS OCWEN LOAN SERVICING, LLC'S COMPLAINT AND DURHAM COMMERICAL CAPTIAL CORPORATION'S CROSS-COMPLAINT UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION

NOW COMES the Defendant, Steven Ablitt, and appearing specifically for the limited purpose of this motion only, moves pursuant to Federal Rules of Civil Procedure Rule 12(B)(2) to dismiss the Plaintiff's Complaint and Durham Commercial Capital Corporation's Cross-Complaint for lack of in *personam* jurisdiction.

### INTRODUCTION

The Plaintiff is Delaware limited liability company that has multiple offices around the world, including an office at 1661 Worthington Road, Suite 100, West

1

Palm Beach Florida. Durham Commercial Capital Corporation ("Durham") is a New York Corporation with a principal place of business in New York. The Defendant, Steven Ablitt, is resident of Massachusetts with a principal residence of 6 Ramsdell Way, Lynnfield, MA 01940. The Plaintiff and Durham through their Cross-Complaint seek to have this United States District Court in Florida exercise personal jurisdiction over the Defendant, a resident of Massachusetts.

The Plaintiff and Durham seek to exercise personal jurisdiction even though the Defendant does not have offices or facilities in Florida, does not live nor even vacation in Florida, is not a licensed attorney in Florida, has no assets in Florida and does not otherwise conduct any business in Florida. In short, the Defendant does not have sufficient contacts with Florida that would render him subject to suit in Florida. The Plaintiff and Durham fail to allege sufficient facts to bring this action against Steven Ablitt, individually within the ambit of Florida's long-arm statute, much less does this Defendant possess the minimum contacts in Florida to comport constitutional norms of due process to obtain personal jurisdiction.

The Plaintiff, who has not entered into any contract or any other agreement with the Defendant, fails to allege facts sufficient to establish that the Defendant owed a duty of care to the Plaintiff. Moreover, all actions or inactions alleged by the Plaintiff occurred in the Commonwealth of Massachusetts, where Connolly, Geaney, Ablitt, Willard, PC's ("Firm") bank accounts existed, as did the accounting, ability to transfer funds and write checks from the bank accounts. The dispute arises around the alleged misappropriation of funds from the Iolta account by Bob Feige and the "Partners" of the Firm. Durham's Cross-Complaint against the Defendant is based in

contract and does not even allege that it has proper jurisdiction over the Defendant.

### I. PLAINTIFF'S COMPLAINT AND DURHAM COMMERCIAL CAPITAL CORPORATION'S CROSS-COMPLAINT SHOUD BE DISMISSED UNDER 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.

A court may only exercise personal jurisdiction over a non-resident defendant, like Steven Ablitt, if the plaintiff satisfies a two-part inquiry: 1. whether the exercise of jurisdiction is appropriate pursuant to Florida's long-arm statue, *see Sloss indus. Corp. v. Eurisol*, 488 F.3d 933, 925 (11th Cir. 2007); and 2. whether exercising jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. *See id.* To satisfy such constitutional requirements, a court must determine that "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In other words, to satisfy constitutional concerns that the non-resident defendant should reasonably expect to be haled into court in the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). It is the Plaintiff's burden to "[establish] a prima facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.2006). Even in cases where the plaintiff purports to have established a prima facie case, "[w}here, as here, [a] Defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1357, 2360 (11th Cir. 2002).

The Plaintiff has made no claims of material fact against the Defendant,

individually. There is nothing in either Complaint, which would support personal jurisdiction over him in Florida under the long-arm statute or the Due Process Clause. Durham's Cross-Complaint is a completely different matter that deals with a Personal Guarantee executed in Massachusetts. Durham's Cross-Claim is not even tangentially related to Florida or the core proceeding against the Defendant. Moreover, the agreement was executed in Massachusetts. Durham is a New York Corporation and the Defendant is a Massachusetts resident. Neither have ties to Florida.

### A. Florida's Long-Arm Statute

"Since the extent of the long-arm statute is governed by [state law], federal courts are required to construe it as would the Florida Supreme Court." *Cable/Home Communication v. Network Prods.*, 902 F.2d 829, 856 (11th Cir. 1990) (citation omitted). The Florida courts have held that "Florida's long-arm statute is to be strictly construed." *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996); see also *Thomas Jefferson Univ. v. Romer*, 710 So. 2d 67, 71 (Fla. Ct. App. 1998). The Plaintiff's Complaint fails to invoke any provision of the Florida's long-arm statute. There is only one plausible section of the Florida long-arm statute that may subject the Defendant, individually, to personal jurisdiction, although Plaintiff did not specifically plead it. The only plausible section would be that the claims made by the Plaintiff arose from the Defendant's tortious acts within the state. Fla. Stat. § 48.193(b). Durham's Cross-Complaint is based in contract and it does not assert that this Court has jurisdiction over the Defendant.

### II. Defendant, Steven Ablitt, Has Not Committed A Tort Within Florida

Section (1)(b) of Florida's long-arm statute subjects a non-resident defendant to jurisdiction if the defendant has committed "a tortious act within this State." Fla. Stat. §48.193(1)(b). Section 1(b) is not applicable to the Defendant individually. To utilize the tort prong of Florida's long-arm statute, not only must Plaintiff sufficiently state a tort claim against Steven Ablitt, individually, but Plaintiff must also establish that the alleged tort arose from the defendant's contacts with Florida. *See Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (S. Ct. Fla. 2002); *see also Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1329-30 (S.D. Fla. 2001). Plaintiff has done neither. The Plaintiff asserts a variety of claims in tort, which would at minimum require Steven Ablitt, individually, to owe a duty to the Plaintiff. The elements of causes of action based in tort are well-established in Florida: (1) defendant owed a duty of care; (2) defendant breached that duty of care; (3) the breach of duty both actually and proximately caused plaintiff's injuries; and (4) plaintiff suffered damages as a result of the breach. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007). As with all pleadings, Plaintiff must provide more than a "formulaic recitation of the elements of a cause of action," and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Plaintiff alleges that funds from the Firm's Iolta account have been misappropriated. Only officers, directors and certain employees have access to the Iolta account. However, the Plaintiff fails to articulate in any manner where the duty of care arose between the Plaintiff and Defendant. The fact is, the Defendant, in his individual capacity, never owed a duty of care to the Plaintiff.

5

With respect to the duty requirement, the Florida Supreme Court has held that for a Plaintiff "to bring a common law action for negligence in Florida, the 'minimal threshold legal requirement for opening the courthouse doors' is finding that a defendant's alleged actions created a foreseeable 'zone of risk' of harming others." *Kitchen v. K-Mart Corp.*, 697 So. 2d 1200, 1202 (Fla. 1997) (quoting McCain, 593 So. 2d at 502). The Plaintiff's complaint does not identify what act or actions the Defendant, in his individual capacity, took that created foreseeable risk. The Plaintiff claims relate to the actions of the "partners" but do not address the actions of the Defendant himself. Moreover, the Plaintiff's Complaint is devoid of any allegations that would establish that the Defendant, individually, created a foreseeable zone of risk of harming Plaintiff. *See Biglen v. Fla. Power & Light Co.*, 910 So. 2d 405 (Fla. Ct. App. 2005). The Plaintiff's Local Counsel Agreement (LCA) was executed by the corporation, not by Ablitt individually. Ablitt never represented Ocwen in his individual capacity, in fact, he never even make an appearance in any capacity on Ocwen's behalf. The Defendant is not licensed to practice law in Florida. The Defendant has never handled funds belonging to Ocwen, signed checks, transferred or received funds belonging to Ocwen. Moreover, the Defendant resigned as an officer and as a director of the Connolly, Geaney, Ablitt & Willard, PC ("Firm") on May 16, 2013. Indeed, the Plaintiff has made no specific factual allegation that would grant it personal jurisdiction over the Defendant individually.

The Plaintiff's cause of action arose out of alleged missing Iolta funds, which were suppose to being held in escrow by the Firm, not by the Defendant individually. The Firm's failure to report, or the Firms officers and directors failure

6

to report the issue to Ocwen on August 28, 2013 has nothing to do with the Defendant, individually. On August 28, 2013 the Defendant was merely a consultant/employee with the Firm. As a mere marketing consultant to the Firm, and without the ability to independently audit the Iolta accounts, it is hard to imagine the he had a duty to report anything to anyone, let alone the Plaintiff.

### III. Defendant is Protected by the Corporate Shield Doctrine

Even if this court were to find that the Defendant, individually, committed a tortious act in Florida, he would be protected under the corporate shield doctrine. The "corporate shield" doctrine, also referred to as the "fiduciary shield" doctrine holds that acts of a nonresident corporate officer, director or employee performing acts in his corporate capacity do not form the basis of jurisdiction over the officer, director or employee. The tortious claims brought by Ocwen against the Defendant are all actions controlled by of the corporation, its officers and directors. There is nothing plead or even suggested that the Defendant controlled or had the ability to control Iolta accounts. The Defendant did not control, oversee, maintain, or even have access to the Firm's Iolta account, nor did the Defendant sign checks or have the ability transfer funds from that account. There is a "distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation." *Doe v. Thompson*, 620 So. 2d 1004, 1005 (Fla. 1993). In Doe, the court held that corporate shield doctrine provides that acts performed by a person exclusively in his corporate capacity not in Florida but in a foreign state may not form the predicate for the exercise of personal jurisdiction over the employee in the

7

forum state. *See Doe*, 620 So. 2d at 1006 (noting that a nonresident corporate employee will not be haled into a Florida court by virtue of his position when that individual has not been in Florida); *see also Marine Midland Bank v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981). The Firm had corporate Iolta policies in place. There were corporate procedures and safeguards in place. Larry Scofield, Kevin Geaney and Rachelle Willard are the only officers that signed Iolta checks. In short, the Firm believed it had its "checks and balances" in order. The Defendant himself, had no access to the Iolta funds, he did not sign checks from the Iolta account, and was unable to transfer or otherwise withdraw Iolta funds for his personal use.

### IV. Instant Case Does Not Fit Under Any Exception To The Corporate Shield Doctrine, and the Equities of the Case do not Compel a Different Result

Ocwen fails to allege any specific tort[1] (as discussed in Section 2) or specify the alleged fraud committed by Defendant in his individual capacity. Rather, Ocwen makes general allegations of fraud acts committed by Bob Feige and the "partners" of the firm. Ocwen certainly does not provide any evidence, or even the slightest scintilla of evidence, that the Defendant, individually, had any direct or personal involvement in the transactions that form the basis for the Complaint, as required by the Florida Supreme Court. In fact, as stated in the Defendant's affidavit, the Defendant had absolutely no personal involvement in the events described in the Plaintiff's complaint. The Supreme Court has held that Florida courts did not have jurisdiction over a "nonresident corporate defendant who stated in his affidavit that

---

[1] Allegations of frad must be specifically pled by the Plaintiff. The Plaintiff's Complaint is devoid of any specific allegation of fraud against the Defendant personally.

he did not commit a tortious act or personally cause injury in Florida." *Doe v. Thompson*, 620 So. 2d 1004, 1005 (Fla. 1993). There are no allegations in this case that the Defendant either: (1) engaged in any act in his or her own interest rather than on behalf of the corporation; or (ii) had any direct involvement in the transactions that are the subject of the Complaint, as explicitly required under Florida law. Therefore the exception to the corporate shield doctrine is not applicable to the Defendant.

### B. Plaintiff And Durham Have Not Satisfied The Due Process Clause

If the Court finds it necessary to go beyond analysis of Florida's long-arm statute, and the protections afforded to the Defendant under the corporate shield doctrine, the Due Process Clause of the Fourteenth Amendment provides further justification to dismiss Plaintiff's claims and Durham's Cross-Claims against Defendant. Plaintiff and Durham have not alleged sufficient material facts to establish that Florida jurisdiction over the Defendant comports with due process and the Defendant has shown that the Plaintiff and Durham cannot. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Due process requires two elements be established: (1) the defendant must have certain "minimum contacts" with the forum state; and (2) the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. "Minimum Contacts within the forum may give rise to two

9

Case 9:14-cv-81046-DMM Document 40 Entered on FLSD Docket 10/14/2014 Page 10 of 16

types of personal jurisdiction: specific or general jurisdiction." *Response Reward Sys.*, 189 F. Supp. at 1338; *see Helicopteros Nacionales de Colombia, S.A*, 466 U.S. at 414-15.

Here, Plaintiff and Durham have not and cannot establish either. The Plaintiff cannot establish general jurisdiction since the Plaintiff is not a business, does not own businesses in Florida, is not licensed in Florida, does not own property in Florida, and doesn't even have a bank account, telephone listing or mailing address in Florida.

The Plaintiff and Durham are unable to establish "specific" jurisdiction either. "Specific" jurisdiction arises "out of a party's activities in the forum state that are related to the cause of action alleged in the complaint." *Sloss Indus. Corp.*, 488 F.3d at 925 (quotation marks and citation omitted). The Eleventh Circuit employs a three-part test for determining whether minimum contacts sufficient to support specific personal jurisdiction exist: (1) the defendant's contacts with Florida must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the State; (2) the defendant's contacts with the State must give rise to the plaintiff's cause of action; and (3) the defendant's contacts with the State must be such that the defendant should reasonably anticipate being haled into court there. *See Future Technology Today*, 218 F.3d at 1250-51; *Miami Breakers Soccer Club*, 140 F. Supp. 2d at 1330. "The touchstone of sufficient contacts is that the defendant 'purposefully directed' its activities at residents of the forum-state." *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1366 (M.D. Fla. 1999); *see Burger King*, 471 U.S. at 472-73, *Response Reward Sys.*, 189 F. Supp. 2d at 1338

10

(finding no specific personal jurisdiction because the defendant's activities could not be considered to be "purposefully directed to the State of Florida"). Defendant is not a party to any contract with Plaintiff and he has absolutely no ties to Florida. In fact the Plaintiff and Durham have failed to identify a single contact that Defendant has with Florida. Plaintiff's Complaint fails to identify the Defendant's contacts with the state of Florida, much less prove that his claims against Defendant arise out of these contacts. Specific personal jurisdiction is therefore absent here.

## V. CONCLUSION

Plaintiff's Complaint is deficient on a number of grounds. Principally, however, Plaintiff has sued the wrong defendant in the wrong court. Similarly, Durham holds a breach of contract claim and has sued in the wrong court. The Defendant has no meaningful or relevant contacts with Florida. There is no link between the Defendant and Plaintiff's alleged injuries and there is no basis for

Durham to bring a breach contract claim against the Defendant in Florida. For these reasons the Complaint and Cross-Complaint should be dismissed with respect to the Defendant.

Dated: September 30, 2014                              Respectfully submitted,

/S/ Steven Ablitt
Steven Ablitt
(Mass. Bar No. 641316)
6 Ramsdell Way
Lynnfield, MA 01940
sablitt@yahoo.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CIVIL NO. 9:14-cv-81046

| | |
|---|---|
| OCWEN LOAN SERVICING, L.L.C.<br><br>Plaintiff<br><br>v.<br><br>CONNOLLY, GEANEY, ABLITT & WILLARD P.C., F/K/A ABLITT SCOFIELD, P.C., JOHN CONNOLLY, KEVIN GEANEY, STEVEN ABLITT, RACHELLE WILLARD, ROBERT FEIGE, LAWRENCE SCOFIELD, AND DURHAM COMMERICAL CAPITAL CORPORATION, a New York corporation<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### AFFIDAVIT OF STEVEN ABLITT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, Steven A. Ablitt declare and affirm as follows:

1. I am a duly licensed attorney in the Commonwealth of Massachusetts.

2. I have personal knowledge of the matters set forth in the Motion to Dismiss and I am competent to testify to those matters.

3. I make this declaration in support the Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2).

4. I reside at 6 Ramsdell Way, Lynnfield MA 01940.

5. I do not hold a law license in Florida and I have never practiced law in Florida.

6. I do not have an office or other company facilities in Florida.

7. I do not have a phone number or mailing address in Florida.

8. I do not have any employee or staff member in Florida.

1

9. I have not applied for any loans or opened any bank account in Florida.

10. I do not owned a tangible personal property or real estate property or assets in Florida.

11. I am not licensed to do business in Florida.

12. I do not reside in Florida at any time during the year.

13. I do not own, hold, use, possess or lease any real estate in Florida.

14. No contract exists between the Plaintiff, Ocwen Loan Services and myself.

15. I have never been a partner of Connolly, Geaney, Ablitt & Willard, PC.

16. I have not engage in any acts with regard to the Plaintiff in Florida.

17. I have not committed a tortious act with regard to the Plaintiff in Florida or in any other state.

18. I never conspired nor did I engage in self-dealing against Ocwen or anyone else.

19. I was not unjustly enriched.

20. I never converted any funds belonging to the Plaintiff or anyone else.

21. I never committed fraud against Ocwen or anyone else.

22. I never engaged in unfair and deceptive practices.

23. I executed and delivered my letters of resignation as an officer and director of Connolly, Geaney, Ablitt & Willard, PC on May 16, 2013.

24. After May 16, 2013, the firm was controlled by its officers, John Connolly, Kevin Geaney, Rachelle Willard and Robert Feige.

25. I have never reviewed the Local Counsel Agreement between Ocwen Loan Servicing and Connolly, Geaney, Ablitt & Willard, PC.

26. I have never collected loan proceeds on behalf of the Plaintiff.

27. I have never represented Ocwen in any matter before the courts.

28. I have never deposited, withdrew, transferred or otherwise handled any funds belonging to the Plaintiff.

29. I never misused, misappropriated or misapplied any of the funds belonging to the Plaintiff.

30. Over the years, members of the board of directors assumed control and oversight of the Iolta accounts. Those members of the board that oversaw the Iolta accounts were; James Rogal, Walter Poor, Lawrence Scofield, Kevin Geaney and Rachelle Willard. I was never assigned to oversee or be involved with the Iolta accounts.

31. I was not an officer or director of the firm when the decision was made to allow Durham Commercial Capital to take control of the firm.

32. I never agreed to indemnify the Plaintiff.


Signed under the pains and penalties of perjury


Dated September 30, 2014

Steven Ablitt, Esq.