FILED BY _____ ⁿ∿‾ _____ D.C.

OCT 2 0 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIVIL ACTION NO.:  9:14-cv-81046-DDM

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONNOLLY, GEANEY, ABLITT & WILLARD, P.C., | ) |
| a Rhode Island Professional Corporation, f/k/a ABLITT | ) |
| SCOFIELD, P.C., JOHN CONNOLLY, JR., as an individual, | ) |
| KEVIN P. GEANEY, as an individual, STEVEN ABLITT, | ) |
| as an individual, RACHELLE WILLARD, as an individual, | ) |
| ROBERT FEIGE, as an individual, LAWRENCE SCOFIELD, | ) |
| as an individual, and DURHAM COMMERCIAL CAPITAL | ) |
| CORP., a New York Corporation, | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM OF DEFENDANT JOHN CONNOLLY, JR. IN SUPPORT OF MOTION TO DISMISS

Defendant John Connolly, Jr. (Mr. Connolly"), submits the present memorandum in support of his motion to dismiss the claims pleaded against him by plaintiff Ocwen Loan Servicing, LLC ("Ocwen").  As stated in the motion to dismiss filed contemporaneously herewith, this Court should dismiss the Complaint of Ocwen on the basis of a lack of personal jurisdiction, improper venue, lack of subject matter jurisdiction, and lack of diversity.

In the alternative, Mr. Connolly states that this Court must transfer Ocwen's claims to the District Court of Massachusetts on the basis that Florida is an inconvenient and inappropriate venue for the claims pleaded by Ocwen against Mr. Connolly.

1

I.     THIS COURT LACKS PERSONAL JURISDICTION AS TO MR. CONNOLLY.

Ocwen has pleaded several claims in its Complaint against Mr. Connolly, as an individual.  Mr. Connolly states that he is not subject to *general* personal jurisdiction in Florida, as he is domiciliary of the Commonwealth of Massachusetts.  Ocwen's claims arise out of the alleged performance of legal services in Florida pursuant to a contract between Connolly, Geaney, Ablitt & Willard, P.C. f/k/a Ablitt Scofield, P.C. (the "Firm"), and Ocwen; however, Mr. Connolly is not licensed to provide legal services in Florida, and Mr. Connolly has not provided any legal services, or legal advice to, or for, Ocwen, or any other person or entity in Florida.  (Affidavit of John Connolly, Jr. (the "Connolly Affidavit", ¶ 2.  A true and accurate copy of the Connolly Affidavit is attached hereto as "Exhibit A".)

Further, Mr. Connolly states that he surrendered his minority shareholder interest in the Firm and resigned as an officer, director and/or employee of the Firm well before the filing of Ocwen's Complaint.  (Connolly Affidavit, ¶ 3)  Also, Mr. Connolly has not otherwise had sufficient "substantial . . . continuous and systematic" contacts with Florida to support general personal jurisdiction.  (Connolly Affidavit, ¶ 4.)  *See, Morris v. SSE, Inc.*, 843 F.2d 489 (11th Cir. 1988).

Mr. Connolly further states that this Court does not have *specific* personal jurisdiction over him as to the claims pleaded by Ocwen.  In order to establish specific jurisdiction, a plaintiff must establish that "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities".  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).  Ocwen cannot offer proof to support specific personal jurisdiction over him as Mr. Connolly has never performed legal services in Florida,

2

and Mr. Connolly was not a signatory to any agreements between the Firm and Ocwen. Indeed, at the time of the alleged June 2012 formation and execution of an agreement between Ocwen and the Firm, Mr. Connolly was not in any way associated with the Firm. (Connolly Affidavit, ¶ 5.)

In order to find specific personal jurisdiction against a defendant, the plaintiff must establish "some act by which the defendant purposefully availed itself of conducting activities within the forum state." *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 833 (11th Cir. 1992). Nevertheless, Mr. Connolly has not engaged in <u>any</u> such act to purposefully avail himself of jurisdiction within Florida. (Connolly Affidavit, ¶ 6.) The "Fourteenth Amendment requires that defendants have 'fair warning' that particular activities may subject them to the jurisdiction of foreign sovereigns" *Id.*, at 833, and in the present case, Mr. Connolly could have had no such fair warning as he did not engage in any act to purposefully avail himself to the jurisdiction of Florida Courts. (Connolly Affidavit, ¶ 7.)

Additionally, Mr. Connolly notes that to the extent that the claims pleaded against him are based upon the actions of other persons, which appears to the situation in the present case, it is established that the actions by "a third party cannot create the requisite 'minimum contacts'" to support a finding of personal jurisdiction. *Morris*, 843 F.2d at 492.

Accordingly, Mr. Connolly states that this Court should dismiss the claims pleaded against him for lack of personal jurisdiction.

II.     THIS COURT SHOULD DISMISS OCWEN'S COMPLAINT AS TO MR. CONNOLLY ON THE BASIS OF IMPROPER VENUE.

28 U.S.C. § 1391 provides, in relevant part, that: "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . [or] a judicial district in which a substantial part of the events or

3

omissions giving rise to the claim occurred . . .." In the present case, <u>all</u> of the individuals named as defendants are residents of the Commonwealth of Massachusetts, and <u>all</u> of the alleged "events or omissions giving rise to the claim" occurred within the Commonwealth of Massachusetts. (Connolly Affidavit ¶ 8.) Therefore, Florida cannot be found to be the proper venue for the present case under 28 U.S.C. § 1391.

Indeed, 28 U.S.C. 1406(a) provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accordingly, this Court should dismiss the present case as to Mr. Connolly, or at the very least, this Court should, in the interest of justice, transfer the matter to the Commonwealth of Massachusetts.

III.   EVEN IF THIS COURT WERE TO FIND PERSONAL JURISDICTION AS TO MR. CONNOLLY, WHICH IS DENIED, THIS COURT SHOULD TRANSFER THE MATTER TO THE COMMONWEALTH OF MASSACHUSETTS PURSUANT TO THE STATUTORY <u>CONVENIENCE TRANSFER STATUTE.</u>

Even if, notwithstanding all of the foregoing, a Florida Court seeks to impose personal jurisdiction on Mr. Connolly  this Court must transfer the subject matter to Massachusetts pursuant to 28 U.S.C. 1404(a). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering whether to transfer a matter pursuant to 28 U.S.C. § 1404(a), a Court must consider five (5) factors, including: (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. *See*

*Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1136-37 (6th Cir.), *cert. denied,* 502 U.S. 821 (1991).

In the present case, there is not a single factor among the five (5) articulated in *Moses* that favors Florida as the appropriate venue.

Ocwen does business in Massachusetts, and Ocwen has recently submitted itself to the jurisdiction of the U.S. Bankruptcy Court in Boston. Therefore, Ocwen cannot reasonably be permitted to claim that Massachusetts is inconvenient. Perhaps more importantly, all of the defendants, and additionally all of the material witnesses are domiciliaries of the Commonwealth of Massachusetts. (Connolly, Affidavit, ¶ 9.) Also, all of the voluminous relevant evidence and sources of proof are located within the Commonwealth of Massachusetts. (Connolly, Affidavit, ¶ 10.) Further, as all of the material witnesses and evidence are within the Commonwealth of Massachusetts, trying the matter in any Court other than the District Court of Massachusetts will be certain to greatly and improperly increase the cost and inconvenience of litigating the present matter. (Connolly, Affidavit, ¶ 11.) Similarly, there would be extensive practical problems in trying the matter in Florida; thus, litigating the matter in Massachusetts would be far less expensive and more expeditious. (Connolly, Affidavit, ¶ 12.) Finally, in light of the issues stated above concerning personal jurisdiction, the interests of justice prohibit the litigation of this matter in Florida. Accordingly, even if this Court were to find personal jurisdiction, and that venue in Florida is appropriate, which is denied, this Court should transfer the present matter to Massachusetts pursuant to 28 U.S.C. 1404(a).

IV.    OCWEN CANNOT ESTABLISH DIVERSITY JURISDICTION AS TO MR. CONNOLLY

Mr. Connolly notes that 28 U.S.C. § 1332 requires that in order to find diversity jurisdiction as to Mr. Connolly, Ocwen must demonstrate that the matter in controversy as to Mr.

Connolly exceeds "the sum or value of $75,000, exclusive of interest and costs" and that Ocwen and Mr. Connolly are "citizens of different States".  In the present case, Mr. Connolly did not participate in the misuse of funds alleged by Ocwen, Mr. Connolly was not aware of any such alleged misuse at the time of its alleged occurrence, and Mr. Connolly did not receive any alleged bonuses using such funds.  (Connolly Affidavit, ¶ 13.  *See also*, Complaint, ¶ 47.) Further, Mr. Connolly was neither an officer nor a director of the Firm at any point in time when the alleged misuse of funds occurred.  (Connolly Affidavit, ¶ 14.)  Therefore, Ocwen cannot satisfy the requirement of a claim against Mr. Connolly exceeding the sum of $75,000.00. Further, Mr. Connolly notes that Ocwen has been formally registered with the Secretary of State of the Commonwealth of Massachusetts since May of 2002, and therefore cannot reasonably be found to be diverse as to Mr. Connolly.

Accordingly, this Court should dismiss the claims pleaded as to Mr. Connolly for failure to satisfy the diversity requirements of 28 U.S.C. § 1332.

**WHEREFORE**, for the reasons set forth above, Mr. Connolly respectfully requests that this Court dismiss the claims pleaded against him, or in the alternative, requests that this Court transfer the present matter to the District Court located in the Eastern District of the Commonwealth of Massachusetts.

Respectfully submitted,
JOHN CONNOLLY, JR.,

*Pro Se*
John Connolly, Jr.
7 1 Bourbeau Terrace
Newburyport, MA 01950
978-255-2262
john.connolly4@comcast.net

6

<u>Certificate of Service</u>

I, John Connolly, Jr., hereby certify that on this 14th day of October 2014 I caused the

foregoing to be served by first-class mail upon the following:

D. Brian O'Dell, Esq.
Bradley Arant Boult Cummings, LLP
1819 5th Avenue, North
Birmingham, AL  35203

Robert Feige
46 Cartwright Road
Wellesley, MA 02482

Michael W. Ullman, Esq.
150 East Palmetto Park Road, Suite 700
Boca Raton, FL 33432

Kevin Geaney
174 Judge Street
Lynn, MA 01904

_____
John Connolly, Jr.

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIVIL ACTION NO.: 9:14-cv-81046-DDM

OCWEN LOAN SERVICING, LLC,               )
                                         )
Plaintiff,                               )
                                         )
v.                                       )
                                         )
CONNOLLY, GEANEY, ABLITT & WILLARD, P.C., )
a Rhode Island Professional Corporation, f/k/a ABLITT )
SCOFIELD, P.C., JOHN CONNOLLY, JR., as an individual, )
KEVIN P. GEANEY, as an individual, STEVEN ABLITT, )
as an individual, RACHELLE WILLARD, as an individual, )
ROBERT FEIGE, as an individual, LAWRENCE SCOFIELD, )
as an individual, and DURHAM COMMERCIAL CAPITAL )
CORP., a New York Corporation,           )
                                         )
Defendants                               )

**AFFIDAVIT OF JOHN CONNOLLY, JR., REGARDING
MOTION TO DISMISS**

I, John Connolly, Jr., hereby depose on oath and state the following:

1.      I am a domiciliary of the Commonwealth of Massachusetts with a residential

address of 17 Bourbeau Terrace, Newburyport, Massachusetts 01950.

2.      I am not licensed to provide legal services in Florida, and I have not provided any

legal services, or legal advice to, or for, Ocwen, or any other person or entity in Florida.

3.      I surrendered my minority shareholder interest in the Firm and resigned as an

officer, director and/or employee of the Firm well before the filing of Ocwen's Complaint.

1

4.      I have not otherwise had sufficient "substantial . . . continuous and systematic" contacts with Florida to support general personal jurisdiction.

5.      At the time of the alleged June 2012 formation and execution of an agreement between Ocwen and the Firm, I was not in any way associated with the Firm.

6.      I have not engaged in any act to purposefully direct my activities at residents of Florida or otherwise to avail myself of jurisdiction within Florida.

7.      As I have not purposefully availed myself to jurisdiction in Florida, I have not had any fair warning of such potential jurisdiction.

8.      In the present case, all of the individuals named as defendants are residents of the Commonwealth of Massachusetts, and all of the alleged "events or omissions giving rise to the claim" occurred within the Commonwealth of Massachusetts.

9.      All of the defendants, and additionally all of the material witnesses are domiciliaries of the Commonwealth of Massachusetts.

10.     Also, all of the voluminous relevant evidence and sources of proof are located within the Commonwealth of Massachusetts.

11.     As all of the material witnesses and evidence are within the Commonwealth of Massachusetts, trying the matter in any Court other than the District Court of Massachusetts will be certain to greatly and improperly increase the cost and inconvenience of litigating the present matter.

12.     Similarly, there would be extensive practical problems in trying the matter in Florida; thus, litigating the matter in Massachusetts would be far less expensive and more expeditious

2

13.     I did not participate in the misuse of funds alleged by Ocwen, I was not aware of any such alleged misuse at the time of its alleged occurrence, and I did not receive any alleged bonuses using such funds.

14.     Further, I was neither an officer nor a director of the Firm at any point in time when the alleged misuse of funds occurred.

Signed under the pains and penalties of perjury this 14th day of October 2014.

JOHN CONNOLLY, JR.