UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:14-CV-81046-DMM

OCWEN LOAN SERVICING, L.L.C.,

        Plaintiff,

vs.

CONNOLLY, GEANEY, ABLITT & WILLARD, P.C., a Rhode Island corporation f/k/a ABLITT SCOFIELD, P.C., JOHN CONNOLLY, JR., an individual, KEVIN GEANEY, an individual, STEVEN ABLITT, an individual, RACHELLE WILLARD, an individual, ROBERT FEIGE, an individual, LAWRENCE SCOFIELD, an individual, and DURHAM COMMERCIAL CAPITAL CORP., a New York corporation,

        Defendants.
_____/

## DURHAM COMMERCIAL CAPITAL CORP.'S ANSWER TO OCWEN LOAN SERVICING, L.L.C.'S AMENDED COMPLAINT [D.E. 35]

Defendant Durham Commercial Capital Corp., by and through undersigned counsel, answers and asserts affirmative defenses to Plaintiff Ocwen Loan Servicing, LLC's ("Ocwen") Amended Complaint [D.E. 35] as follows:

### Answer

1. With respect to paragraphs 1 through 6 of the Amended Complaint, Durham admits that Ocwen seeks certain relief from this Court. With respect to the relief Ocwen seeks against Durham, Durham states that Ocwen is not entitled to same. With respect to the relief Ocwen seeks against the remainder of the Defendants, Durham is without knowledge as to whether Ocwen is entitled to same.

*Ocwen v. Connolly et al*
Case No. 9:14-CV-81046-DMM
Durham Commercial Capital Corp.'s
Answer to Amended Complaint
Page 2 of 6

2. Durham admits the allegations in paragraphs 7 through 13, 15 and 16 of the Amended Complaint.

3. Durham lacks knowledge or information to form a belief about the truth of the allegations contained in paragraph 14, 17 and 18 of the Amended Complaint.

4. Durham admits the allegations contained in paragraph 19 of the Amended Complaint.

5. Durham lacks knowledge or information to form a belief about the truth of the allegations contained in paragraphs 20 through 51 of the Amended Complaint.

6. Durham admits the allegations contained in paragraphs 52 through 53 of the Amended Complaint.

7. With respect to paragraph 54 of the Amended Complaint, Durham states that the Notices of Assignment speak for themselves, and Durham denies any characterization thereof.

8. Durham denies the allegations contained in paragraphs 55 through 57 of the Amended Complaint.

9. Durham admits the allegations contained in paragraph 58 of the Amended Complaint.  Durham further states that the Ethics Opinions promulgated by the Massachusetts Bar Association's Committee on Professional Ethics are advisory only and have no binding force.

10. With respect to paragraph 59 of the Amended Complaint, Durham states that the Ethics Opinions of Bar Associations in Massachusetts and other jurisdictions speak for themselves, and Durham denies any characterization thereof.

11. Durham admits the allegations in paragraphs 60 through 61 of the Amended Complaint.

12. Durham denies the allegations in paragraph 62 of the Amended Complaint.

13. Durham admits the allegations in paragraph 63 of the Amended Complaint.

14. Durham denies the allegations in paragraphs 64 through 67 of the Amended Complaint.

15. With respect to paragraph 68 of the Amended Complaint, Durham denies that Ocwen is entitled to a set-off, and Durham is without knowledge as to the remainder of the allegations.

16. Inasmuch as Durham was not sued in Counts I through IV of the Amended Complaint, Durham does not respond to paragraphs 69 through 93 of the Amended Complaint, which comprise said Counts.

17. With respect to paragraph 94 of the Amended Complaint, Durham repeats and realleges its responses to the previous paragraphs of the Amended Complaint.

18. With respect to paragraph 95 of the Amended Complaint, Durham admits that there is a dispute between the Law Firm, Ocwen, and Durham as to who is entitled to certain legal fees and whether any set-off is warranted. Durham is without knowledge as to the specific dispute between Ocwen and the Law Firm. Durham maintains that it is entitled to payment of the legal fees and that Ocwen is not entitled to a set-off.

19. Durham is without knowledge as to the allegations in paragraph 96 of the Amended Complaint.

*Ocwen v. Connolly et al*
Case No. 9:14-CV-81046-DMM
Durham Commercial Capital Corp.'s
Answer to Amended Complaint
Page 4 of 6

20. With respect to paragraph 97 of the Amended Complaint, Durham admits that Ocwen seeks certain declarations from the Court, but Durham denies that Ocwen is entitled to said declarations. Durham further states that the Court should declare that the Notices of Assignment are legal and enforceable against Ocwen, that Ocwen's debt evidenced by the invoices from the Law Firm can only be discharged by payment to Durham, and that Ocwen is not entitled to a set-off with respect to any of the legal fees that are the subject of this action.

21. Durham denies the allegations in paragraph 98 of the Amended Complaint.

22. With respect to paragraphs 99 and 100 of the Amended Complaint, Durham admits that Ocwen seeks certain declarations from the Court, but Durham denies that Ocwen is entitled to said declarations. Durham further states that the Court should declare that the Notices of Assignment are legal and enforceable against Ocwen, that Ocwen's debt evidenced by the invoices from the Law Firm can only be discharged by payment to Durham, and that Ocwen is not entitled to a set-off with respect to any of the legal fees that are the subject of this action.

23. Inasmuch as Durham was not sued in Counts VI through XIII of the Amended Complaint, Durham does not respond to paragraphs 101 through 154 of the Amended Complaint, which comprise said Counts.

### First Affirmative Defense
### (Estoppel)

24. As and for a First Affirmative Defense, Durham asserts that Ocwen is estopped from asserting that the Notices of Assignment are ineffective and that Ocwen need not comply with same. Durham sent Ocwen three separate Notices of Assignment on December 21, 2012, September 10, 2013, and January 7, 2014 (which are attached to the Amended Complaint as Exhibit "2"). Upon receipt of the Notices of Assignment, Ocwen became aware that Durham

Case 9:14-cv-81046-DMM   Document 50   Entered on FLSD Docket 10/27/2014   Page 5 of 7

*Ocwen v. Connolly et al*
Case No. 9:14-CV-81046-DMM
Durham Commercial Capital Corp.'s
Answer to Amended Complaint
Page 5 of 6

was the Law Firm's assignee for receipt of payment of the Law Firm's invoices. Despite receipt of the Notices of Assignment, Ocwen never advised Durham that Ocwen would refuse to comply with the Notices of Assignment. Ocwen's failure to advise Durham that Ocwen would refuse to comply with the Notices of Assignment constituted an implicit statement by Ocwen to Durham that Ocwen would comply with the Notices of Assignment. Ocwen knew that its implicit statement would reasonably lead Durham to believe that Ocwen would pay Durham in compliance with the Notices of Assignment and would reasonably lead Durham to continue funding the Law Firm pursuant to the Factoring Agreement. In fact, in reliance upon having sent the Notices of Assignment and on Ocwen's implicit statement, Durham reasonably believed that Ocwen would comply with the Notices of Assignment and Durham reasonably continued to fund the Law Firm pursuant to the Factoring Agreement. As a direct and proximate result of Durham's reasonable reliance on Ocwen's implicit statement that it would comply with the Notices of Assignment, Durham incurred damages. Accordingly, Ocwen is estopped from asserting that the Notices of Assignment are ineffective and that Ocwen need not comply with same.

## Second Affirmative Defense
### (Waiver)

25. As and for a Second Affirmative Defense, Durham asserts that Ocwen waived any right it may have had to reject compliance with the Notices of Assignment. Durham sent Ocwen three separate Notices of Assignment on December 21, 2012, September 10, 2013, and January 7, 2014 (which are attached to the Amended Complaint as Exhibit "2"). Upon receipt of the Notices of Assignment, Ocwen became aware that Durham was the Law Firm's assignee for receipt of payment of the Law Firm's invoices. Also upon receipt of the Notices of Assignment,

*Ocwen v. Connolly et al*
Case No. 9:14-CV-81046-DMM
Durham Commercial Capital Corp.'s
Answer to Amended Complaint
Page 6 of 6

Ocwen became aware of any right it may have had to reject compliance with the Notices of Assignment. Despite receipt of the Notices of Assignment, Ocwen never advised Durham that Ocwen would refuse to comply with the Notices of Assignment. Ocwen's failure to advise Durham that Ocwen would refuse to comply with the Notices of Assignment constituted an implicit statement by Ocwen to Durham that Ocwen would comply with the Notices of Assignment. Ocwen knew that its implicit statement would reasonably lead Durham to believe that Ocwen would pay Durham in compliance with the Notices of Assignment and would reasonably lead Durham to continue funding the Law Firm pursuant to the Factoring Agreement. Nevertheless, Ocwen elected not to advise Durham that Ocwen would refuse to comply with the Notices of Assignment. Accordingly, Ocwen waived any right it might have had to reject compliance with the Notices of Assignment.

WHEREFORE, Defendant Durham Commercial Capital Corp. respectfully requests this Court to enter judgment in its favor and grant any other and further relief that this Court deems just and proper.

Respectfully submitted,

ULLMAN & ULLMAN, P.A.
*Attorneys for Durham Commercial Capital Corp.*
150 East Palmetto Park Road, Suite 700
Boca Raton, Florida 33432
Telephone: (561) 338-3535
Facsimile: (561) 338-3581


By:   */s/ Michael W. Ullman*
      MICHAEL W. ULLMAN
      Florida Bar No. 259667
      Email: michael.ullman@uulaw.net

*Ocwen v. Connolly et al*
Case No. 9:14-CV-81046-DMM
Durham Commercial Capital Corp.'s
Answer to Amended Complaint
Page 7 of 6

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all counsel of record via the courts CM/ECF Filing System and by U.S. Mail to the following non-CM/ECF participants, on this 27th day of October, 2014.

| | |
|---|---|
| John Connolly, Jr.<br>17 Bourbeau Terrace<br>Newburyport, Massachusetts 01950 | Robert Feige<br>46 Cartwright Road<br>Wellesley, Massachusetts 02482 |
| Kevin Geaney<br>174 Judge Road<br>Lynn, Massachusetts 01904 | Rachelle Willard<br>79 Plymouth Street, #204<br>Marlborough, Massachusetts 01752 |
| Lawrence Scofield<br>22 Grove Place, Unit 5<br>Winchester, Massachusetts 01890 | Steven Ablitt<br>6 Ramsdell Way<br>Lynnfield, Massachusetts 01940 |
| Connolly Geaney Ablitt & Willard<br>c/o John Connolly, Jr.<br>17 Bourbeau Terrace<br>Newburyport, Massachusetts 01950 | |

By:     */s/ Michael W. Ullman*
         MICHAEL W. ULLMAN

F:\wp51 14\140031\Pleadings\Durham's Answer to Ocwen's Amended Complaint.[DE 35].(10-27-14).FINAL.doc