UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO. 9:14-CV-81046-DMM**

OCWEN LOAN SERVICING, L.L.C.,

    Plaintiff,

vs.

CONNOLLY, GEANEY, ABLITT & WILLARD,
P.C., a Rhode Island corporation f/k/a ABLITT
SCOFIELD, P.C., JOHN CONNOLLY, JR., an
individual, KEVIN GEANEY, an individual,
STEVEN ABLITT, an individual, RACHELLE
WILLARD, an individual, ROBERT FEIGE, an
individual, LAWRENCE SCOFIELD, an
individual, and DURHAM COMMERCIAL
CAPITAL CORP., a New York corporation,

    Defendants.
_____/

**DURHAM COMMERCIAL CAPITAL CORP.'S RESPONSE
TO STEVEN ABLITT'S MOTION TO DISMISS OCWEN LOAN SERVICING, LLC'S
COMPLAINT AND DURHAM COMMERCIAL CAPITAL CORP.'S CROSS-
COMPLAINT UNDER RULE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION
AND SUPPORTING MEMORANDUM**

  Cross claim Plaintiff, Durham Commercial Capital Corp. ("Durham"), by and through undersigned counsel, responds to Crossclaim Defendant Steven Ablitt's ("Ablitt") Motion to Dismiss Ocwen Loan Servicing, LLC's Complaint and Durham Commercial Capital Corp's Cross-Complaint Under Rule 12(b)(2) for Lack of Personal Jurisdiction] ("Motion to Dismiss") [D.E. 39] and Supporting Memorandum ("Memorandum") [D.E. 40] as follows:

  By way of background, Durham entered into a Factoring Agreement with the law firm Connolly, Geaney, Ablitt & Willard, P.C. (the "Law Firm"), whereby Durham purchased certain of the Law Firm's accounts, including the Law Firm's account with Ocwen Loan Servicing,

*Ocwen Loan Servicing, LLC v. Connolly, Geaney, Ablitt & Willard, P.C., et al*
Case No. 9:14-CV-81046-DMM
Durham's Response to Ablitt's Motion to Dismiss and
Motion for Leave to Conduct Deposition of Ablitt
Page 2 of 4

LLC's ("Ocwen"). Ablitt personally guaranteed the Law Firm's obligations under the Factoring Agreement. Ocwen's Amended Complaint [D.E. 35], which sounds in both contract and tort, is based on, *inter alia*, Ocwen's fee dispute with the Law Firm and Ocwen's resulting dispute with Durham (which arose from Durham's right under the Factoring Agreement to collect Ocwen's legal fees owed to the Law Firm). Durham's Counterclaim and Crossclaim [D.E. 25] seeks to recover from the Law Firm for breach of the Factoring Agreement, from Ablitt for breach of his personal guaranty of the Factoring Agreement, and from Ocwen for breach of its statutory duty to pay Durham rather than the Law Firm.

Durham's crossclaim against Ablitt for Breach of the Guaranty arises out of the transaction or occurrence that is the subject matter of both Ocwen's Amended Complaint and Durham's Counterclaim [D.E. 25]. *See* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim…."). As the basis for personal jurisdiction over Ablitt with respect to the Crossclaim, Durham was relying upon Ocwen's having properly obtained personal jurisdiction over Ablitt with respect to the claims asserted against Ablitt in Ocwen's Amended Complaint. Specifically, Ocwen alleged that Ablitt is a partner in the Law Firm, which has a Florida office, and that in connection with the Law Firm's Florida operations, Ablitt "committed malpractice and engaged in conduct that was unethical, wrongful, negligent, and fraudulent" [D.E. 35, ¶ 1]. These allegations satisfy Florida's long-arm statute. § 48.193(1)(a)1. & 2. (providing for personal jurisdiction over a non-resident defendant when that defendant: (i) operates, conducts, engages in, or carries on a business or

Case 9:14-cv-81046-DMM   Document 67   Entered on FLSD Docket 11/21/2014   Page 3 of 4

*Ocwen Loan Servicing, LLC v. Connolly, Geaney, Ablitt & Willard, P.C., et al*
Case No. 9:14-CV-81046-DMM
Durham's Response to Ablitt's Motion to Dismiss and
Motion for Leave to Conduct Deposition of Ablitt
Page 3 of 4

business venture in Florida or has an office or agency in Florida; or (ii) commits a tortious act within Florida).[1]

In the Motion to Dismiss and Memorandum in support thereof, Ablitt alleges that he is not subject to the personal jurisdiction of the Court with respect to both Ocwen's claims and Durham's claim. If this Court determines that this Court has personal jurisdiction over Ablitt with respect to Ocwen's claims, then Durham requests that this Court not dismiss Count II of the Counterclaim against Ablitt, inasmuch as no independent jurisdictional basis is required for a crossclaim where jurisdiction is proper under the complaint. *See* Fed. R. Civ. P. 13(g). If this Court determines that this Court does not have personal jurisdiction over Ablitt with respect to Ocwen's claims, then Durham concedes that Count II of the Crossclaim against Ablitt should be dismissed, inasmuch as jurisdiction over Ablitt for the Crossclaim is dependent upon jurisdiction over Ablitt for the Amended Complaint.

WHEREFORE, inasmuch as jurisdiction over Ablitt for the Crossclaim is dependent upon jurisdiction over Ablitt for the Ocwen's claims in the Amended Complaint, if the Court determines that it has personal jurisdiction over Ablitt with respect to Ocwen's claims, then Durham requests that the Court not dismiss Count II of the Counterclaim against Ablitt, and if the Court determines that it does not have personal jurisdiction over Ablitt with respect to Ablitt's claims, then Durham concedes that Count II of the Crossclaim against Ablitt should be dismissed.

---

[1] To the extent that Ablitt argues that the fraud allegations in Ocwen's Amended Complaint are not factually specific enough to create a prima facie showing of or otherwise support long-arm jurisdiction, this argument is misplaced. Ocwen's alleged failure to plead fraud with particularity can be corrected with a second amended complaint--it is at most a pleading deficiency, not a jurisdictional issue. This alleged pleading deficiency does not change the fact that a corporate officer can be personally sued for fraud committed in the scope of his corporate duties, and thus the corporate shield doctrine would not prevent Ablitt from being personally sued in Florida for fraud/tort. *First Fin. USA, Inc. v. Steinger*, 760 So. 2d 996, 997-98 (Fla. 4th DCA 2000); *Special Purpose Accounts Receivable Cooperative Corp. v. Prime One Capital Co., L.L.C.*, 125 F.Supp.2d 1093, 1104-05 (S.D. Fla. 2000).

*Ocwen Loan Servicing, LLC v. Connolly, Geaney, Ablitt & Willard, P.C., et al*
Case No. 9:14-CV-81046-DMM
Durham's Response to Ablitt's Motion to Dismiss and
Motion for Leave to Conduct Deposition of Ablitt
Page 4 of 4

Respectfully submitted,

ULLMAN & ULLMAN, P.A.
*Attorneys for Durham Commercial Capital Corp.*
*and Maasai Holdings, L.L.C.*
150 East Palmetto Park Road, Suite 700
Boca Raton, Florida 33432
Telephone: (561) 338-3535
Facsimile: (561) 338-3581


BY: */s/ Michael W. Ullman*
MICHAEL W. ULLMAN
Florida Bar No. 259667
Email: michael.ullman@uulaw.net


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all counsel of record via the courts CM/ECF Filing System and by U.S. Mail to the following non-CM/ECF participants, on this 21st day of November, 2014.

| | |
|---|---|
| John Connolly, Jr.<br>17 Bourbeau Terrace<br>Newburyport, Massachusetts 01950 | Robert Feige<br>46 Cartwright Road<br>Wellesley, Massachusetts 02482 |
| Kevin Geaney<br>174 Judge Road<br>Lynn, Massachusetts 01904 | Rachelle Willard<br>79 Plymouth Street, #204<br>Marlborough, Massachusetts 01752 |
| Lawrence Scofield<br>22 Grove Place, Unit 5<br>Winchester, Massachusetts 01890 | Steven Ablitt<br>6 Ramsdell Way<br>Lynnfield, Massachusetts 01940 |
| Connolly Geaney Ablitt & Willard<br>c/o John Connolly, Jr.<br>17 Bourbeau Terrace<br>Newburyport, Massachusetts 01950 | |

By: */s/ Michael W. Ullman*
MICHAEL W. ULLMAN

G:\wp51 14\140031\Pleadings\Response to Ablitt's Motion to Dismiss  (11-21-14) final.doc

**ULLMAN & ULLMAN, P.A.**
150 East Palmetto Park Road · Suite 700 · Boca Raton, Florida 33432
(561) 338-3535  ·  (561) 338-3581